IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GAIL WILLIAMS LEARY,**

    Plaintiff,

v.                                         CASE NO.:

**CIRCLES OF CARE, INC.,**

    Defendant.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, GAIL WILLIAMS LEARY, by and through her undersigned counsel, and sues the Defendant, CIRCLES OF CARE, INC., a Florida corporation and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

2. Venue lies within United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, GAIL WILLIAMS LEARY (hereinafter as "Leary" or "Plaintiff"), is a resident of Brevard county, Florida at all times material and was an employee of Defendant within the meaning of the Family and Medical Leave Act (FMLA).

4. Defendant, CIRCLES OF CARE, INC. (hereinafter as "Circle of Care" or "Defendant"), is a Florida corporation authorized and doing business in this Judicial District.

## **GENERAL ALLEGATIONS**

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## **FACTUAL ALLEGATIONS**

9. Plaintiff began her employment with Defendant in or around October 1988 as a full-time secretary.

10. Throughout Plaintiff's employment, she was promoted several times, at the time of termination she held the position as a MIS Specialist.

11. Plaintiff was approved for intermittent FMLA beginning April 20, 2019 until April 20, 2020 due to her mother and father's serious medical conditions.

12. On or around February 17, 2020, Plaintiff emailed supervisor, Iris Garcia, requesting to work from home but did not receive a response.

13. On March 27, 2020, Plaintiff was out on an approved FMLA day to help her father.

14. On March 30, 2020, Plaintiff was terminated.

## **COUNT I**
## **FAMILY MEDICAL LEAVE ACT – INTERFERENCE**

15. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 14.

16. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

17. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months and had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave.

18. Plaintiff is a covered employee as her mother is considered an immediate family member who suffers from a serious health condition within the meaning of FMLA.

19. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant interfered with Plaintiff's lawful right to reinstatement.

20. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights and constitute violations of the FMLA.

21. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, GAIL WILLIAMS LEARY, prays for judgment against the Defendant, CIRCLES OF CARE, INC., for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## COUNT II
## (FAMILY AND MEDICAL LEAVE ACT -- RETALIATION)

22. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 14.

23. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for time off and utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to terminate Plaintiff.

24. Defendant's actions constitute a violation of the FMLA.

25. As a result of Defendant's actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, GAIL WILLIAMS LEARY, prays for judgment against the Defendant, CIRCLES OF CARE, INC., for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

26. Plaintiff, GAIL WILLIAMS LEARY, request a jury trial on all issues so triable.

Dated this 24th day of July 2020.

                                              **FLORIN GRAY BOUZAS OWENS, LLC**

                                              */s/Christopher D. Gray*
                                              **CHRISTOPHER D. GRAY, ESQUIRE**
                                              Florida Bar No.: 902004

Primary:  chris@fgbolaw.com
Secondary:  debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff